IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII MASONS' PENSION FUND, HAWAII MASONS' AND PLASTERERS' ANNUITY FUND, HAWAII MASONS VACATION AND HOLIDAY FUND, HAWAII MASONS TRAINING FUND, HAWAII MASONS HEALTH AND WELFARE FUND,<br><br>                Plaintiffs,<br><br>    vs.<br><br>KP CONSTRUCTION, INC., a HAWAII CORPORATION;  JOHN DOES 1-10,  JANE DOES 1-10,  DOE CORPORATIONS 1-10,  DOE PARTNERSHIPS 1-10,  DOE TRUSTS 1-10,<br><br>                Defendants. | CIV. NO. 22-00234 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KP CONSTRUCTION, INC. |

**FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT KP CONSTRUCTION, INC.**

On October 26, 2022, *Plaintiffs' Motion for Default Judgment Against*

*Defendant KP Construction, Inc.* ("Motion" or "Motion for Default Judgment")

(ECF No. 14) came on for a telephonic hearing before the Honorable Rom A.

Trader, United States Magistrate Judge.  ECF No. 17.  Attorney Christin Kawada

appeared on behalf of the Plaintiffs.  No other party appeared for the telephonic hearing.

After careful consideration of the Motion and attached declarations and exhibits, the docket in this case and the applicable law, the Court **FINDS** and **RECOMMENDS** that the district court **GRANT** the Motion and enter default judgment in favor of Plaintiffs.

The Court **RECOMMENDS** that Plaintiffs' request for total damages in the amount of $87,096.75, consisting of $75,894.17 in delinquent contributions, $3,579.45 in interest on delinquent contributions at a rate of twelve percent, and $7,623.13 in liquidated damages, be **GRANTED**.

The Court further **RECOMMENDS** that Plaintiffs be awarded attorneys' fees in the amount of $2,198.95 and that $321.99 in fees be **DENIED**.

In summary, the Court **RECOMMENDS** that a total amount of $89,797.48 in total damages and attorneys' fees be **GRANTED** and $321.99 in fees be **DENIED**.

## BACKGROUND

Plaintiffs are the Trustees of the Hawaii Masons and Plasterers Trust Funds subject to the Labor-Management Relations Act, 1947, as amended, Employee Retirement Income Security Act of 1974 and the Multiemployer Pension Plan Amendments Act of 1980.  ECF No. 14-1 at PageID.45-46.  Plaintiffs commenced

this action on May 26, 2022 and allege that Defendant KP Construction, Inc., a Hawaii corporation ("Defendant") entered into an agreement to abide by all terms and conditions of a "Master Agreement Covering the Ceramic Tile, Marble, and Terrazzo Trades in the State of Hawaii" ("Bargaining Agreement") and the Declaration of Trust Agreements. ECF No. 1. Plaintiffs allege that the Defendant failed to submit monthly reports and corresponding contribution payments from January 2022 through April 2022 as required by the Bargaining Agreement. ECF No. 14-1 at PageID.47-48. Plaintiffs seek recovery of the unpaid balance and notes that Defendant has a continuing obligation to submit reports and payments and thus, Defendant may continue to accrue payments. *Id.* at 48.

On June 7, 2022, Plaintiffs filed a proof of service indicating that Defendant was served a copy of the Complaint, Summons, Order Setting Rule 16 Scheduling Conference, and Civil Waiver of Service Packet by a process server on June 3, 2022.[1] ECF No. 6 & 13. Defendant failed to answer or respond to the Complaint, and thus Plaintiffs commenced this action. On June 29, 2022, Plaintiff requested an entry of default against Defendant (ECF No. 9), which the Clerk entered on that same day. ECF No. 10. On August 26, 2022, Plaintiffs filed the instant Motion for

---

[1] Plaintiffs later filed an Amended Proof of Service on August 24, 2022, but the date of service did not change and remains June 3, 2022. ECF No. 13.

Default Judgment.  ECF No. 14.  No response or opposition was filed by the Defendant.

## DISCUSSION

Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that a court may enter default judgment following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a).  "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted).

## I.    This Court has Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to the Labor-Management Relations Act, 1947, as amended, Employee Retirement Income Security Act of 1974 and the Multiemployer Pension Plan Amendments Act of 1980.  ECF No. 14-1 at PageID.45-46.

This Court has personal jurisdiction over the Defendant.  Service was made on Defendant through a process server on June 3, 2022.  ECF No. 6 & 13.  The Complaint also alleges that Defendant is a Hawaii corporation doing business in the City and County of Honolulu, State of Hawaii.  ECF No. 1 at PageID.3-4.

## II.    The Eitel Factors Weigh in Favor of Default Judgment

"Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *In re Villegas*, 132 B.R. 742, 746 (9th Cir. 1991)

(citing *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)) (citations omitted).

Default judgments are ordinarily disfavored, and cases should be decided on their

merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.

1986).

In determining whether default judgment is warranted in this case, the Court

shall evaluate the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of
> plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)
> the sum of money at stake in the action, (5) the possibility of a dispute
> concerning material facts, (6) whether the default was due to excusable
> neglect, and (7) the strong policy underlying the Federal Rules of Civil
> Procedure favoring decision on the merits.

*Id.* at 1471-72 (citation omitted).  On default, "the factual allegations of the

complaint, except those relating to the amount of damages, will be taken as true."

*TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting

*Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

The Court finds that six out of the seven factors weigh in favor of default

judgment.  The Court adopts the averments, arguments and authorities relied upon

by Plaintiffs in the *Motion*.  Although there is a strong policy favoring decision on

the merits, this does not outweigh that Plaintiffs would be without recourse of

recovery and thus prejudiced; Plaintiffs' substantive claims have merit; the

Complaint sufficiently establishes Defendant's liability and damages; Plaintiffs'

damages request is specifically tailored to the wrongful conduct alleged; there is

little likelihood of dispute concerning the material facts in this case; and there is no basis that Defendant's default was due to excusable neglect. Accordingly, the Court **FINDS** that the Eitel factors weigh in favor of default judgment and **RECOMMENDS** that default judgment is entered in this action.

### III.    Plaintiffs' Damages are in the Amount of $87,096.75

When determining a defendant's liability on a motion for default judgment, "the general rule is that well-pled allegations in the complaint regarding liability are deemed true." *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (citations omitted). However, this Court must review the record and, if necessary, make a further factual inquiry to establish the amount the plaintiff is entitled to recover. *TeleVideo System*, 826 F.2d at 917-918.

The Court has carefully considered and reviewed the Motion and **FINDS** that Plaintiffs have established that the total damages in the amount of $87,096.75, which includes $75,894.17 in delinquent contributions, $3,579.45 in interest on delinquent contributions at a rate of twelve percent and $7,623.13 in liquidated damages.

### IV.    Reasonable Attorneys' Fees are $2,198.95

Plaintiffs are entitled to their attorneys' fees and costs pursuant to the Bargaining Agreement. ECF No. 14-1 at PageID.53-54. Plaintiffs claim they incurred attorneys' fees in the amount of $2,407.50, general excise tax on fees at

the rate of 4.712% in the amount of $113.44, and costs in the amount of $501.78. *Id.* at 54.  Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The lodestar amount may also be adjusted based on an evaluation of the factors in Kerr, which have not been subsumed in the lodestar calculation. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  "'The court need not consider all . . . factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award.'" *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) (citation omitted). There is a strong presumption that the lodestar amount calculated is reasonable. *See Fischer*, 214 F.3d at 1119 n.4 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

### A.    <u>Reasonable Hourly Rate</u>

Plaintiffs requests the following hourly rates for each attorney and paralegal:

| Timekeeper | Rate per Hour |
|---|---|
| Jared N. Kawashima (Partner) | $300.00 |
| Christin D. Kawada (Associate) | $225.00 |
| Michele Sauer (Paralegal) | $105.00 |

Mr. Kawashima is a partner at the law firm Yee & Kawashima, LLLP and has over twenty years of experience in the practice of law.  Ms. Kawada is an associate at the law firm Yee & Kawashima, LLLP and has over seven years of experience in practice.  Ms. Sauer is a paralegal at the law firm of Yee & Kawashima LLLP and has over 10 years of experience in the legal profession.  The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation.  *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023-24 (9th Cir. 2019) (citing *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016)); *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986)).  "[T]he relevant community is the forum in which the district court sits."  *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citation omitted).  In this case, the relevant community is the District of Hawaii.

"District courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'"  *Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).  Based on this Court's knowledge of the prevailing rates in the legal community for work in similar cases, this Court

finds that the hourly rates requested for Mr. Kawashima, Ms. Kawada and Ms. Sauer are reasonable.

### B.   <u>Hours Reasonably Expended</u>

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Welch*, 480 F.3d at 946 (citing *Hensley*, 461 U.S. at 434).

Plaintiff seeks the following hours for the work performed by their attorneys and paralegal:

| Timekeeper | Rate per Hour | Hours | Total Requested |
|---|---|---|---|
| Jared N. Nakashima (Partner) | $300.00 | 0.1 | $30.00 |
| Christin D. Kawada (Associate) | $225.00 | 9.4 | $2,115.00 |
| Michele Sauer (Paralegal) | $105.00 | 2.5 | $262.50 |
| Subtotal | | | $2,407.50 |
| GET @ 4.712% | | | $113.44 |
| **TOTAL** | | | $2,520.94 |

ECF No. 14-4. "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." *Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii*, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw.

Jan. 21, 2010).  Preparing documents for filing and filing documents with the Court are clerical and non-compensable.  *OneWest Bank, FSB v. Farrar*, Civ. No. 12-00108 ACK, 2014 WL 1326590, at *2  n. 2 (D. Haw. Mar. 10, 2014), *report and recommendation adopted as modified*, Civ. No. 12-00108 ACK, 2014 WL 1326602 (D. Haw. Mar. 31, 2014) (citing *Haw. Motorsports Inv., Inc. v. Clayton Group Servs.*, Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), *adopted by Haw. Motorsports Inv. Inc. v. Clayton Group Servs., NC*, Civ. No. 09-00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010)) (citations omitted).

"[C]oordinating service of documents; and formatting or printing documents; reviewing court-generated notices; notifying clients of court hearings; communications with court staff; scheduling; and corresponding regarding deadlines" are all examples of clerical work.  *Hawaii Def. Found. v. City & Cty. of Honolulu*, Civ. No. 12-00469 JMS-RLP, 2014 WL 2804445, at *8 (D. Haw. Apr. 22, 2014), *report and recommendation adopted as modified*, Civ. No. 12-00469 JMS-RLP, 2014 WL 2804448 (D. Haw. June 19, 2014) (citing *Ko Olina Dev., LLC v. Centex Homes,* Civ. No. 09-00272 DAE-LEK, 2011 WL 1235548, at *12 (D. Haw. Mar. 29, 2011)) (emphasis added).

"[P]reparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering

documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents" are also considered clerical work. *OneWest Bank, FSB*, 2014 WL 1326590, at *2 n. 2 (citations omitted) (emphasis added).

After careful review of the timekeeping provided in the *Declaration of Counsel* attached to the *Motion*, the Court finds the following entries to be clerical in nature and deducts these entries and hours indicated below from the hours of work claimed by the Plaintiffs:

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 08/26/2022 | Ms. Kawada | 0.2 | Finish draft of motion for default judgment and prepare for filing |
| 05/26/2022 | Ms. Sauer | 0.5 | Review and finalize complaint for filing, file complaint |
| 05/27/2022 | Ms. Sauer | 1.0 | Print out complaint and related docs and email to R. Yoshida and R. Zane; Draft Proof of Service; Research contact information on DCCA website; Prepare package for service of complaint and related docs |
| 07/20/2022 | Ms. Sauer | 0.3 | Download EO filed by Court; transmit same to KP Construction for service |
| 08/03/2022 | Ms. Sauer | 0.2 | Transmit demand letter to KP Construction |
| 08/23/2022 | Ms. Sauer | 0.2 | Prepare and transmit EO from Court re Scheduling Conference |
| 08/23/2022 | Ms. Sauer | 0.3 | Draft and transmit Amended Proof of Service to A. Woofter (process server). |

The Court thus RECOMMENDS that attorneys' fees in the amount of $2,198.95 be GRANTED as shown in the chart below and a total amount of $321.99 be DENIED:

| Timekeeper | Rate per Hour | Hours | Total Requested |
|---|---|---|---|
| Jared N. Nakashima (Partner) | $300.00 | 0.1 | $30.00 |
| Christin D. Kawada (Associate) | $225.00 | 9.2 | $2,070.00 |
| Michele Sauer (Paralegal) | $105.00 | 0.0 | $0.00 |
| Subtotal | | | $2,100.00 |
| GET @ 4.712% | | | $98.95 |
| **TOTAL** | | | $2,198.95 |

### C.   Reasonable Costs

Plaintiffs request $501.78 in costs and itemized these costs in the Declaration of Counsel attached to the Motion.  ECF No. 14-4 at PageID.72-73. The Court has carefully reviewed the costs requested and is satisfied that the costs requested are reasonable.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that *Plaintiffs' Motion for Default Judgment Against Defendant KP Construction, Inc.* (ECF No. 17) be **GRANTED** as follows:

1.    Plaintiff's request for default judgment against Defendant is **GRANTED**;

2.    Plaintiffs should be awarded total damages in the amount of $87,096.75;

3.      Plaintiff should be awarded attorneys' fees and costs in the amount of

$2,198.95.

4.      Plaintiff should be awarded costs in the amount of $501.78.

The Court directs Plaintiff to (1) serve a copy of this Findings and

Recommendations on Defendant and (2) file a Certificate of Service indicating the

date of service by no later than November 23, 2022.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, November 14, 2022.



Rom A. Trader
United States Magistrate Judge

Civ. No. 22-00234 LEK-RT;  *Hawaii Masons' Pension Fund, et al. vs. KP Construction, Inc., a Hawaii Corporation*;  Findings and Recommendation to Grant Plaintiffs' Motion for Default Judgment Against Defendant KP Construction, Inc.